<u>NOT FOR PUBLICATION</u>

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OKLAHOMA

Filed / Docketed
August 22, 2007

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| HENTGES, MICHAEL E., | ) | Case No. 06-10451-R |
| | ) | Involuntary Chapter 7 |
| Debtor. | ) | |

| | | |
|---|---|---|
| MICHAEL E. HENTGES; HOUSING | ) | |
| & TAX CONSULTANTS, L.L.C.; | ) | |
| AFFORDABLE HOUSING PARTICI- | ) | |
| PANTS NO. 4, LLC; AFFORDABLE | ) | |
| HOUSING PARTICIPANTS NO. 5, | ) | |
| LLC; AFFORDABLE HOUSING | ) | |
| PARTICIPANTS NO. 6, LLC; and | ) | |
| AFFORDABLE HOUSING PARTICI- | ) | |
| PANTS NO. 10, LLC, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Adv. No. 07-1030-R |
| | ) | |
| ROBERT S. GLASS, BRIAN L. | ) | |
| MITCHELL, CHARLES WILKIN, | ) | |
| THE GLASS LAW FIRM, JANIS | ) | |
| KELLY, JOSEPH DOE, SENIORS | ) | |
| FOR SENIORS, VIRGINIA D. | ) | |
| MARKS, individually and as Trustee | ) | |
| of the VIRGINIA D. MARKS TRUST, | ) | |
| LESLIE D. MARKS, individually and | ) | |
| as Trustee of the LESLIE D. MARKS | ) | |
| TRUST, and BANK OF AMERICA, | ) | |
| | ) | |
| Defendants. | ) | |

<u>ORDER GRANTING MOTION FOR ABSTENTION AND
ORDER REMANDING CASE TO TULSA COUNTY DISTRICT COURT</u>

Before the Court is the Motion for Abstention (Adv. Doc. 5) (the "Motion") filed by

Plaintiffs Michael E. Hentges ("Hentges"), Housing & Tax Consultants, L.L.C. ("HATC"),

Affordable Housing Participants No. 4, LLC, Affordable Housing Participants No. 5, LLC, Affordable Housing Participants No. 6, LLC, and Affordable Housing Participants No. 10, LLC (collectively, the "Plaintiffs") on April 7, 2007; the Memorandum in Support of Motion for Abstention (Adv. Doc. 6) filed by the Plaintiffs on April 7, 2007; and the Response to Motion for Abstention (Adv. Doc. 15) filed by Defendants Robert S. Glass, Charles Wilkin III, Brian L. Mitchell, Glass Law Firm P.C., and Virginia D. Marks individually and in her capacity as Trustee of the Virginia D. Marks Trust and Trustee of the Leslie D. Marks Trust (collectively, the "Marks Defendants") on May 1, 2007.

## I.   Jurisdiction

The Court has jurisdiction to consider the Motion by virtue of 28 U.S.C. §§ 1334(b) and (c), 1452(b), and 157(a), (b)(1) and (b)(3); and Local Civil Rule 84.1(a) of the United States District Court for the Northern District of Oklahoma.

## II.   Procedural history and contentions of the parties

On December 12, 2005, Plaintiffs filed their First Amended Petition in the District Court of Tulsa County, Oklahoma, Case No. CJ-2005-6686, alleging eight causes of action against various groups of Defendants. First Amended Petition, Exhibit A to the Notice of Removal of Civil Action (Adv. Doc. 1) ("Notice of Removal")). According to the docket sheet for Case No. CJ-2005-6686 (the "Docket Sheet") (Exhibit C to the Notice of Removal), the Marks Defendants moved to dismiss the First Amended Petition. On April 19, 2006, the State of Oklahoma Department of Insurance filed a Motion to Intervene, which has not been adjudicated. Docket Sheet. On April 20, 2006, Defendant Janis Kelly filed an Answer to the First Amended Petition. Id.

On June 9, 2006, the Tulsa County District Court granted in part and denied in part the Marks Defendants' motion to dismiss, which resulted in the survival of the following claims: (1) Count Two in which Hentges asserts claims for defamation against Mr. Marks, Mrs. Marks, Janis Kelly, Joseph Doe and Seniors for Seniors[1] and (2) Count Six in which HATC, Affordable Housing Participants No. 4, LLC, Affordable Housing Participants No. 5, LLC, Affordable Housing Participants No. 6, LLC, and Affordable Housing Participants No. 10, LLC (the "Entities") each assert a claim against the Marks Defendants and Bank of America for intentional/tortious interference with contractual relationships. Order Granting in Part and Denying in Part Defendants' Motion to Dismiss First Amended Petition and Brief in Support, Exhibit B to Notice of Removal. Two additional claims are pending against Bank of America: Count Seven, in which HATC charges Bank of America with breach of contract, and Count Eight, in which HATC alleges that Bank of America converted its funds.[2] Docket Sheet. On June 21, 2006, Plaintiffs filed a Motion to Reconsider Dismissal of Claims and Alternatively Motion for Leave to Amend Pleadings. Id. The motion to reconsider has not been adjudicated. On June 30, 2006, an agreed scheduling order was entered which set the matter for pre-trial conference on January 30, 2007. Id. On September

---

[1] The Docket Sheet does not show a return of service on Janis Kelly, Joseph Doe or Seniors for Seniors. However, Ms. Kelly filed an Answer, so the Court assumes that Ms. Kelly was served, and therefore the Court cannot conclude from an absence of a return of service that Joseph Doe and/or Seniors for Seniors were not served. Thus, the Court assumes that these parties are parties to the removed case.

[2] The Docket Sheet does not show a return of service on Bank of America, or an entry of appearance by the bank, but neither does the Docket Sheet indicate that Bank of America has been dismissed as a party or that claims against it have been resolved. The Docket Sheet reflects that three claims remain pending against Bank of America. This Court therefore must assume that Bank of America is a party to the removed case.

26, 2006, the Tulsa County District Court was advised of the Order for Relief entered in the involuntary bankruptcy proceeding commenced against Hentges. Id. On November 1, 2006, Defendants filed an Unopposed Motion to Stay Proceedings, and on November 21, 2006, the Tulsa County District Court entered an order staying further proceedings in the case. Id.

On March 15, 2007, the Marks Defendants filed the Notice of Removal, removing Case No. CJ-2005-6686 from Tulsa County District Court to this Court (the "Removed Action"). The Marks Defendants assert that this Court has jurisdiction over the Removed Action because Hentges's defamation claim against Mrs. Marks is an asset of the estate, and the defamation claim, if successful, will be set off by the claim Mrs. Marks has against Hentges's estate. Notice of Removal at 2-3.

On May 22, 2007, the Marks Defendants filed an Amended Answer to the First Amended Petition (Adv. Doc. 18) (the "Amended Answer"). In the Amended Answer, the Marks Defendants assert as an affirmative defense that "[a]ny affirmative judgment obtained by . . . [Hentges] against Marks in this Lawsuit is offset by the Judgment by Confession obtained by Defendant Virginia D. Marks . . . against Hentges in the amount of $185,000 . . . ." Id. at 2, ¶ 16. In the Amended Answer, Mrs. Marks also asserts the set-off as a counterclaim against Hentges, and states that "[a]ny setoff will affect the adjustment of the debtor-creditor relationship in the Bankruptcy Case and limit the property comprising the estate." Id. at 2-3.

In their Motion and brief, the Plaintiffs contend that this Court has, at most, "related to" jurisdiction over the Removed Action because none of the claims arises under title 11 or arises in a case under title 11, the claims do not depend on bankruptcy laws for their

4

existence, the claims could proceed in state court, and many of the pending claims are between non-debtor third parties. Accordingly, Plaintiffs argue, the Court either must abstain from hearing the Removed Action under 28 U.S.C. § 1334(c)(2), or should exercise its discretion to abstain under 28 U.S.C. § 1334(c)(1), and that the Court should remand the Removed Action to the Tulsa County District Court.[3] The Marks Defendants contend that because the Removed Action contains a claim by Hentges (and thus, the estate) against a creditor, Mrs. Marks, and a counterclaim by Mrs. Marks against the estate, the Removed Action "affect[s] the . . . adjustment of the debtor-creditor relationship" and is therefore a "core" proceeding under 28 U.S.C. § 157(b)(2)(O), and consequently the Court should decline to abstain.

### III. Findings of fact and conclusions of law

Section 1452 of title 28 of the United States Code provides–

(a) A party may remove any claim or cause of action in a civil action . . . to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title [which grants federal jurisdiction over proceedings arising under title 11, arising in cases under title 11, or related to cases under title 11].

28 U.S.C. § 1452(a). Bankruptcy Rule 9027 provides the procedure for removing an action from a state court to a federal district court. The United States District Court for the Northern District of Oklahoma has referred all claims and causes of action removed pursuant to Bankruptcy Rule 9027 to "the bankruptcy judge assigned to the case to which the removed

---

[3] Although the Plaintiffs' Motion is entitled "Motion for Abstention," in the body of the Motion, the Plaintiffs request that the Court abstain and "remand the case to Tulsa County for adjudication." Motion at 2.

action relates." LCvR 84.1(a)(4). "The bankruptcy judge shall hear and determine all such removed proceedings subject to review and appeal as allowed under 28 U.S.C. §§ 157 and 158 and the Federal Rules of Bankruptcy Procedure." Id. Section 1452(b) provides that "[t]he court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground." 28 U.S.C. § 1452(b).

Section 1334(c) governs abstention. It states–

> (c)(1) Nothing in this section prevents a district court in the interest of justice or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11.
>
> (2) Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section [1334], the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction.

28 U.S.C. § 1334(c).

      A.     Mandatory Abstention

The elements of mandatory abstention are (1) a party to a proceeding has filed a timely motion for abstention; (2) the proceeding is based on a state law claim or state law cause of action; (3) the proceeding does not arise under title 11 or arise in a case under title 11 (*i.e.*, is not a "core" proceeding), but is "related to" a case under title 11 (*i.e.*, is a "non-core" proceeding); (4) there is no ground for federal jurisdiction other than "related to" jurisdiction under Section 1334; and (5) an action has been commenced in an appropriate state forum and can be timely adjudicated there. See 28 U.S.C. § 1334(c)(2).

       *1.   Timely motion*

No statute or rule dictates when a motion to abstain must be filed. "Given this lack of direction . . . , it has been held that 'a party acts in a timely fashion when he or she moves [for abstention] as soon as possible after he or she should have learned the grounds for such a motion.'"  See Personette v. Kennedy (In re Midgard Corp.), 204 B.R. 764, 776 (B.A.P. 10th Cir. 1997) (citations omitted). The Plaintiffs filed the Motion twenty-three days after the Notice of Removal was filed with this Court. Moreover, no substantive activity occurred in this proceeding between the filing of the Notice of Removal and the filing of the Motion. The Court concludes that the Motion was timely.

       *2.   State law claims*

The following claims are pending in the Removed Action: (1) Hentges's claims for defamation against Mr. Marks, Mrs. Marks, Janis Kelly, Joseph Doe and Seniors for Seniors; (2) the Entities' claims of intentional/tortious interference with contractual relationships against each of the Marks Defendants and Bank of America; (3) HATC's breach of contract claim against Bank of America; and (4) HATC's conversion claim against Bank of America. All claims are based exclusively on state law. No bankruptcy or federal claims are asserted by the Plaintiffs. Mrs. Marks amended her Answer after removal to assert a counterclaim against the estate for setoff of her pre-petition judgment against any judgment the estate might be awarded against her, which does not arise exclusively under bankruptcy law (*i.e.*, Mrs. Marks could have asserted her setoff counterclaim in the state court action). The Court concludes that the claims pending in the Removed Action are state law claims.

### 3.    "Related to" jurisdiction

The mandatory abstention provision requires that the Court determine, as a threshold issue, that the claims do not arise under title 11 or arise in a title 11 case, but are merely "related to" a case under title 11.  This parallels the determination of whether a proceeding is "core" (*i.e.*, "arising under title 11 or arising in a case under title 11" (see 28 U.S.C. § 157(b)(1)) or "non-core" (*i.e.*, "otherwise related to a case under title 11" (see 28 U.S.C. § 157(b)(3)).  In the Tenth Circuit, "[c]ore proceedings are proceedings which have no existence outside of bankruptcy."  Gardner v. United States (In re Gardner), 913 F.2d 1515, 1518 (10th Cir. 1990).  "Actions which do not depend on the bankruptcy laws for their existence and which could proceed in another court are not core proceedings."  Id.  See also Personette, 204 B.R. at 771 ("a proceeding 'arises under' the Bankruptcy Code if it asserts a cause of action created by the Code"; "[p]roceedings 'arising in' . . . a bankruptcy case are those that could not exist outside of a bankruptcy case, but that are not causes of action created by the Bankruptcy Code"); Official Committee of Unsecured Creditors v. Elkins (In re Integrated Health Services, Inc.), 291 B.R. 615, 618 (Bankr. D. Del. 2003) (in the Third Circuit, "a proceeding is core (1) if it invokes a substantive right provided by title 11 or (2) if it is a proceeding, that by its nature, could arise only in the context of a bankruptcy case" (quotations and citations omitted)).

None of the surviving claims pending in the Removed Action depend on bankruptcy laws for their existence, and the claims could be adjudicated by the Tulsa County District Court, before whom they were first asserted.  Mrs. Marks's setoff counterclaim, which could

8

have been asserted in state court prior to removal, could also proceed in Tulsa County District Court.

Hentges's defamation claims against Mr. and Mrs. Marks, Janis Kelly, Joseph Doe and Seniors for Seniors are claims that are merely "related to" the bankruptcy. "A proceeding is 'related to' a bankruptcy case if it could have been commenced in federal or state court independently of the bankruptcy case, but the 'outcome of that proceeding could conceivably have an effect on the estate being administered in bankruptcy.'" Personette, 204 B.R. at 771, *quoting* Gardner, 913 F.2d at 1518. "Related proceedings 'include (1) causes of action owned by the debtor which become property of the estate pursuant to 11 U.S.C. § 541, and (2) suits between third parties which have an effect on the bankruptcy estate.'" Id., *quoting* Celotex Corp. v. Edwards, 514 U.S. 300, 307 n.5 (1995).

Although Hentges's defamation claims, which are now property of the estate, could conceivably enrich the estate, the claims are merely "related to" the bankruptcy because they do not depend upon bankruptcy laws for their existence, as they are claims based on Oklahoma's substantive law. Further, the Entities' claims against the Marks Defendants and Bank of America and HATC's claims against Bank of America are claims between non-debtor third parties based strictly on state law grounds. Although the Marks Defendants fail to argue or establish how the resolution of the Entities' claims against non-debtor third parties might have any effect on Hentges's bankruptcy estate (in which case, this Court lacks any level of jurisdiction over the claims), even if adjudication of the claims could conceivably affect the extent or administration of the estate, this Court's power to hear those claims is limited to "related to" jurisdiction.

The sole claim over which the Marks Defendants contend the Court has "core" jurisdiction is Mrs. Marks's "counterclaim" against the estate, which she asserted after the case was removed. See 28 U.S.C. § 157(b)(2)(C). However, her claim against Hentges (and thus the estate) has already been reduced to a state court judgment, leaving no disputed facts or legal issues for this Court to adjudicate. To the extent that the estate prevails in its defamation claim against Mrs. Marks, the issue of setoff of mutual debts may be determined by the Tulsa County District Court. In any event, the fact that a creditor has a counterclaim against a debtor in a state court lawsuit "does not transform [a] 'related to' matter into an 'arising in' matter." Personette, 204 B.R. at 772 n.10.

The Court concludes that the claims asserted in the Removed Action are "non-core" claims over which this Court has, at most, "related to" jurisdiction to hear, but over which the Court lacks jurisdiction to finally determine. See 28 U.S.C. § 157(c)(1).

*4.  No other basis for federal jurisdiction*

No federal questions are raised by the Plaintiffs or Defendants; thus, federal jurisdiction does not arise under 28 U.S.C. § 1331.[4]  Nor is there complete diversity of the parties, as the Plaintiffs are citizens of the State of Oklahoma, and several of the Defendants are alleged to be citizens of the State of Oklahoma. Consequently, the First Amended

---

[4]Section 1331 provides: "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

Petition does not allege federal jurisdiction under 28 U.S.C. § 1332(a).[5]  This proceeding could not have been commenced in federal court absent jurisdiction under 28 U.S.C. § 1334.

### 5.    Availability of timely adjudication in State Court

In Personette, the Bankruptcy Appellate Panel of the Tenth Circuit Court of Appeals held that notwithstanding the absence of a parallel *pending* proceeding in state court, a removed proceeding may be subject to mandatory abstention.  Personette, 204 B.R. at 774.  See also Mt. McKinley Ins. Co. v. Corning Inc., 399 F.3d 436, 446-47 (2d Cir. 2005); Southmark Corp. v. Coopers & Lybrand (In re Southmark Corp.), 163 F.3d 925, 929 (5th Cir. 1999); Robinson v. Michigan Consolidated Gas Co., 918 F.2d 579, 584 n.3 (6th Cir. 1990).  The Bankruptcy Appellate Panel in Personette noted that Section 1334(c)(2) does not require that the state court proceeding be pending at the time of abstention, just that the proceeding had been "'commenced' in a state forum of appropriate jurisdiction."  Personette, 204 B.R. at 774.  An action that has been removed from state court to federal court was "commenced in a state forum."

In this case, the Plaintiffs properly filed their First Amended Petition in Tulsa County District Court.  The Defendants have not challenged the jurisdiction of the Tulsa County

---

[5]Section 1332(a) provides:

> The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States.

28 U.S.C. § 1332(a).  For the purposes of Section 1332, "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business . . . ."  28 U.S.C. § 1332(c)(1).

11

District Court over this proceeding or argued that venue was improper. Thus, the Court concludes that an action had been "commenced" in a "State forum of appropriate jurisdiction." 28 U.S.C. § 1334(c)(2).

Section 1334(c)(2) requires abstention only if the proceeding can be "timely adjudicated" in State Court. "The phrase 'timely adjudication' is not defined in the Bankruptcy Code. Courts interpreting this phrase have focused on whether allowing an action to proceed in state court will have any unfavorable effect on the administration of a bankruptcy case." Personette, 204 B.R. at 778.

> In considering whether allowing a case to proceed in state court will adversely affect the administration of a bankruptcy case, courts have considered some or all of the following factors: (1) backlog of the state court and federal court calendar; (2) status of the proceeding in state court prior to being removed (*i.e.*, whether discovery had been commenced); (3) status of the proceeding in the bankruptcy court; (4) the complexity of the issues to be resolved; (5) whether the parties consent to the bankruptcy court entering judgment in the non-core case; (6) whether a jury demand has been made; and (7) whether the underlying bankruptcy case is a reorganization or liquidation case.

Personette, 204 B.R. at 778-79 (citations and footnotes omitted).

Consideration of evidence obvious from the record weighs in favor of finding that the proceeding can be timely adjudicated in Tulsa County District Court. First, Hentges's bankruptcy case is a chapter 7 case. "[I]n a chapter 7 case or a chapter 11 case with a confirmed liquidating plan, where the primary concern is the orderly accumulation and

distribution of assets, the requirement of timely adjudication is seldom significant." Personette, 204 B.R. at 779.

Second, the Plaintiffs have not consented to the final determination of their claims by this Court, and therefore this Court's jurisdiction is limited to submitting proposed findings of fact and conclusions of law to the United States District Court. See 28 U.S.C. § 157(c)(1) and (2). The parties may object to this Court's proposed findings and conclusions, and the District Court must render a *de novo* review of matters drawing objections before entering a final judgment. Id. This procedure is inefficient, generates a multitude of repetitive pleadings, is expensive, doubles the judicial resources devoted to the matter, and substantially increases the duration of the litigation. A trial in state court before a judge and jury who are empowered to make binding findings of fact and final conclusions of law will almost always be more efficient than the multi-tiered procedure imposed by 28 U.S.C. § 157(c)(1).

Third, the Plaintiffs have demanded a jury trial (see First Amended Petition) and have not consented to a jury trial before this Court. Because the Court cannot conduct a jury trial without the consent of all parties (see 28 U.S.C. § 157(e)), if the case is not remanded, it must be transferred to the United States District Court, a court that has even less familiarity with this Removed Action than this Court.

Fourth, prior to being removed to this Court, the Tulsa County District Court adjudicated a motion to dismiss claims filed against the Marks Defendants, which required that court to become familiar with the factual and legal assertions of the parties. In contrast,

except for its consideration of the abstention motion, no substantive matters have been determined by this Court. In addition, motions filed in state court prior to the removal of this action are pending, including a motion to reconsider the state court's order dismissing some claims and a motion to intervene by yet another non-debtor third party, the Insurance Commissioner of the State of Oklahoma. Moreover, but for the agreement of the parties to stay the proceedings in state court following the entry of the Order for Relief in Hentges's bankruptcy case, the state court may have tried this matter by now, as the action was set for pretrial in January 2007.

Finally, the issues to be resolved are not particularly complex, but they involve the interpretation of state law; thus, deference of the matter to the expertise of the state court judge is appropriate.

Upon consideration of the relevant <u>Personette</u> factors, the Court concludes that this proceeding could be timely adjudicated in state court and that administration of Hentges's bankruptcy case will not be adversely affected if this Court abstains and the proceeding is remanded to Tulsa County District Court.

**IV.    Conclusion**

Because all elements of the mandatory abstention statute are present, the Court must abstain from hearing this proceeding and, pursuant to 28 U.S.C. § 1452(b), the Court

remands the matter to Tulsa County District Court.[6] In light of this result, the Court need not address the requirements for permissive abstention.[7]

**SO ORDERED** this 22nd day of August, 2007.

DANA L. RASURE, CHIEF JUDGE
UNITED STATES BANKRUPTCY COURT

---

[6]Section 1452(b) provides that "[t]he court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground." 28 U.S.C. § 1452(b). The Court concludes that because "remand may best promote the values of economy, convenience, fairness and comity," equity favors the *remand* of a removed proceeding subject to mandatory abstention rather than its dismissal. Carnegie-Mellon University v. Cohill, 484 U.S. 343, 353 (1988) (endorsing the remand to state court of pendent state claims asserted in a properly removed proceeding, rather than dismissal of such claims, after federal court loses jurisdiction upon voluntary dismissal of federal claims). See also Personette, 204 B.R. at 774; Lozano v. Swift Energy Co. (In re Wright), 231 B.R. 597, 602-04 (Bankr. W.D. Tex. 1999) (remand under Section 1452 is appropriate upon determination that abstention from hearing a removed proceeding is mandatory).

[7]However, even if abstention were not mandatory, the Court would exercise its discretion to abstain from hearing this Removed Action under 28 U.S.C. § 1334(c)(1) (the discretionary abstention statute) for all the reasons stated above.